IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| HEATHER GALLAGHER,<br><br>Plaintiff,<br><br>vs.<br><br>LEGACY HOTEL GROUP, LLC, d/b/a HOLIDAY INN LAKEWOOD, and HOLIDAY INN LAKEWOOD,<br><br>Defendants. | Cause No. CV 12-00089-RFC-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Pending is Plaintiff Heather Gallagher's Motion for Leave to Proceed in Forma Pauperis (*Court Doc. 1*) and proposed Complaint. (*Court Doc. 2*).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in considering an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

Gallagher's application to proceed in forma pauperis indicates she is employed as a legal secretary by an attorney in Billings. She represents that her net monthly income is approximately $2,200.00. She has $450.00 in savings and checking accounts. She lists $2,659.00 in monthly expenses, and indicates that she owes approximately $14,000, but does not specify to whom this amount is owed.

A plaintiff need not "be absolutely destitute" in order to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), cert. denied, 364 U.S. 896, 81 S.Ct. 227, 5 L.Ed.2d 190 (1960). An affidavit of indigency is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (citing *Adkins*, 335 U.S. at 339). The facts concerning the plaintiff's poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). If a court determines a plaintiff's allegation of poverty is untrue,

it must dismiss the case. 28 U.S.C. § 1915(e)(2).

Gallagher has not shown she cannot provide the necessities of life for herself. According to the United States Department of Health and Human Services, the poverty level for 2012 for a single person with no dependents is $11,170.00 or $930.83 per month. (http://aspe.hhs.gov/poverty/index.shtml). Gallagher nets $2,200.00 per month, over twice the poverty level. She has sufficient cash on hand to pay the filing fee. She has not shown that she qualifies for *in forma pauperis* status. Therefore, the motion should be denied.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. The Motion to Proceed in Forma Pauperis (*Court Doc. 1*) should be denied.

2. Gallagher should be given an opportunity to pay the full filing fee of $350.00 and, if she fails to do so within a set period of time, the Clerk of Court should be ordered to close the file.

Because a pro se plaintiff is not entitled to file written objections to a magistrate judge's recommendation that an application to proceed

in forma pauperis be denied (*Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1989)), the Clerk is directed to notify Chief Judge Cebull's chambers of the filing of these Recommendations.

DATED this 20th day of July, 2012.

                                           /s/ *Carolyn S. Ostby*
                                          United States Magistrate Judge